Dear Mr. Erdey:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Livingston Parish Communication District. You indicate the Board of Commissioners of the Livingston Parish Communication District have been serving without compensation and you ask the following questions:
 1. Can the board members receive a reasonable compensation, and if so, what is the maximum amount of compensation to which they are entitled; and
 2. If the Board of Commissioners cannot be compensated for performing their duties, is their employer required to pay them from their regular jobs on the dates in which they perform duties for the Livingston Parish Communication District.
While there are numerous statutory provisions which provide for the creation of various boards, and state that a board member shall serve "without compensation" or specifies a per diem, the statutes relative to the communication district does not contain such a declaration. R.S. 33:9103 simply states when the communication district is created, "the parish governing authority creating it may appoint a board or commission" to be comprised of seven members who are electors of the district to govern its affairs. However, it further provides that "in lieu of appointing a commission, the parish governing authority may serve as governing authority of the district".
While the police jury may serve in lieu of appointing a commission and there is no mention of compensation for a commissioner, we would conclude the police jury could not set any compensation for themselves if they serve as the Commission rather than appointing a Commission for this office has recognized the police jurors compensation is set under R.S.33:1233 and are authorized to receive a maximum of $856.00. Police juries have only those powers that are conferred upon them by the constitution and laws of the state.
R.S. 33:9106(c) provides in order to provide additional funds for the communication district, the governing authority may receive federal, state, parish, municipal or private funds and may expend the funds for the purpose of the Chapter, and defines "Fund the District" in 9106(A)(7) as "pay the expenses necessary to carry out all purposes of the district, including but not limited to identification of all streets, roads, highways and dwelling places in the district". Thus, we would conclude a police juror board member of the district would be entitled to reimbursement from the funds of the district for actual expenses.
With regard to an appointed commission since the law is silent on compensation, we believe under the authority of the police jury to create a commission and finding no prohibition, they could provide for a per diem for the members of the commission they appoint.
In answer to your question if the Commissioners are not compensated for performing their duties, "is their employer required to pay them from their regular jobs on dates in which they perform duties for the Livingston Parish Communication District", we must conclude there would not be such a legal requirement on the part of the employer, but payment would depend upon each company policy with regard to leave.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________ BARBARA B. RUTLEDGE Assistant Attorney General